Jason R. Naess, ISB No. 8407
PARSONS, SMITH, STONE,
LOVELAND & SHIRLEY, LLP
137 West 13th Street
P. O. Box 910
Burley, ID  83318
jason@pmt.org
Telephone: (208) 878-8382
Facsimile:  (208) 878-0146

*Attorneys for Gary L. Rainsdon, Trustee*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF IDAHO

| In Re:<br><br>BRANDON SCOTT VOLLMER,<br><br>Debtors. | Case No. 19-40031-JMM<br><br>Chapter 7 |
|---|---|

### OBJECTION TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DIVORCE ACTION AND NOTICE TO DEBTOR

COMES NOW, the Chapter 7 Trustee Gary L. Rainsdon ("Trustee"), by and through counsel, and hereby objects to the relief sought in Jamie Vollmer's ("JV") Amended Motion for Relief from Automatic Stay as to Divorce Action, Dkt. No. 47.  Trustee's objection is based upon the following:

1. Pre-petition, Debtor and JV were married for several years, acquiring property during the course of that marriage, including a "marital home."  *See* Declaration of Jamie Vollmer at ¶ 6.

2. In September 2017, JV filed a petition for divorce, commencing a divorce action against Debtor.  *Id.* at ¶ 3.

3. Approximately a year later, the state court entered a partial judgment, terminating the marriage of Debtor and JV and resolving custody issues.  *Id.* at ¶ 13.  At the same time, the

OBJECTION TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DIVORCE ACTION - 1

partial judgment did not address property/debt issues. *Id.* Those issues were, apparently, set for trial in December 2018. *See id.* at ¶ 14.

4. In the meantime, Debtor and JV had divided, as between themselves, what they believed to be an appropriate division of property and debt. *See, generally, id.* Included in that division were proceeds of a sale of the marital home and insurance proceeds from a car accident involving a community property vehicle. *See id.* at ¶¶10, 11. While JV represents the parties had agreed upon how debt and property was to be divided between the two of them, it is apparent they did not fully agree and/or follow that agreement as, at least in regards to the vehicle involved in the accident, there appears to still be some disagreement as to who was to be entitled to the vehicle and/or its proceeds. *See id.* at ¶ 11 ("Brandon and I had previously agreed that I would retain the vehicle. Despite this agreement, Brandon handled the insurance aspect of the accident and the proceeds from the insurance company were delivered to Brandon.").

5. During the December 2018 trial, the couple apparently put a stipulation on the record regarding debt, personal property, and a tax refund check. *Id.* at ¶ 14. It is unclear whether the couple considered the marital home proceeds to be personal property at that point, which was nearly a year after the home was sold in January 2018.

6. After placing their stipulation on the record, the parties proceeded to trial on the issues of child support, spousal support, and a claim by JV against Debtor that he had dissipated assets related to community funds while having an affair. *Id.* at ¶ 15.

7. After trial, the parties submitted briefs, and the state divorce court took the issues under advisement on January 11, 2019. *Id.* at ¶ 16.

8. Debtor Brandon Scott Vollmer filed for chapter 7 bankruptcy protection on January 17, 2019, Dkt. No. 1, which was prior to (1) a decision by the state court on the issues

still being litigated in the divorce, and (2) entry of a judgment dealing with Debtor's and JV's property and debt issues, *see* Declaration of Kirk Melton at ¶ 4. Debtor filed bankruptcy for himself, and JV is not a co-debtor in the bankruptcy case. Dkt. No. 1.

## LEGAL ANALYSIS

When Debtor filed bankruptcy, a bankruptcy estate was created. § 541(a). Debtor's bankruptcy estate consists of not only "all legal or equitable interests of the debtor in property as of the commencement of the case," but also "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case." §§ 541(a)(1), (2). In other words, Debtor's bankruptcy estate includes (1) his separate property, (2) any interest in community property that Debtor had at the commencement of the case, and (3) any interest in community property that JV had at the commencement of the case. *Id.*

At the commencement of the bankruptcy case, both Debtor and JV still had interests in community property that was liable for community debt because the state court had not yet entered a decision on the couple's property and debt issues. *See* Declaration of Jamie Vollmer and Declaration of Kirk Melton. Those interests became property of Debtor's bankruptcy estate. *See Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1085 (9th Cir. 1998) ("For purposes of § 541(a)(2), all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate."); *see also Hopkins v. Idaho State University Credit Union (In re Herter)*, 456 B.R. 455, 465 (Bankr. D. Idaho 2011) ("Even if spouses are in the process of divorce when one of them files for bankruptcy, as long as the divorce has not been finalized and property has not yet been divided by the state court's decree, all community property becomes part of the bankruptcy estate of the debtor-spouse.").

JV seeks stay relief to allow the divorce court to enter a judgment regarding debt and property issues. As "cause," JV argues allowing the state court to resolve debt and property issues is supported by (1) a strong policy to have "state law issues litigated in state courts;" (2) that a Pandora's box of other issues in the bankruptcy court would be avoided by allowing the state court to finalize the divorce; and (3) there is a public policy against preventing "Brandon's debts to be imposed on his ex-wife." Those arguments should not prevail, and Trustee should be allowed to fulfill his duties under the Code unimpeded by the state court.

A. The State Court's Ability to "Finalize" the Divorce

When Debtor filed his bankruptcy petition, the determination of whether property is property of the bankruptcy estate became the province of this Court. Bankruptcy courts are well-versed and capable of reviewing and deciding property issues by resorting to state law. The Supreme Court has provided that, in determining an estate's interest in property, bankruptcy courts are to look to and interpret state law. *Butner v. United States*, 440 U.S. 48 (1979). As a result, reviewing and determining property issues under Idaho law is not a foreign concept for this Court, and the Court is capable of interpreting the state law issues at play in relation to this case. *See, e.g., Rainsdon v. Kirtland (In re Kirtland),* 2011 WL 4621959 at *2-3 (Bankr. D. Idaho Sept. 30, 2011) (analyzing state community property law's impact on property ownership in a bankruptcy case); *In re Herter*, 456 B.R. 455 (analyzing community property law issues); *In re Martell*, 349 B.R. 233, 236 (Bankr. D. Idaho 2005) (analyzing community property issues to determine whether property is property of the estate); *In re Hicks*, 300 B.R. 372, 376-79 (Bankr. D. Idaho 2003) (reviewing state law to determine extent community property was included in the estate and liable to creditors of the estate).

While the state court has a significant history with Debtor's and JV's divorce case, per the Declarations submitted in support of the Amended Motion for Stay Relief, the litigation has primarily related to child support, spousal support, and a claim related to dissipation of assets as a result of an affair. Declaration of Jamie Vollmer at ¶ 15. Other issues, including property and debt issues, have, apparently, been dealt with by Debtor and JV via stipulation or agreement, and the state court has not yet entered a judgment dealing with the property and debt issues. Because the state court has not heard evidence or otherwise been involved or dealt with the property and debt issues, it is in no better position than this Court to make decisions regarding the same.

And, at this point, there is no advantage to be gained by allowing the state court to determine how property and debt should be divided among Debtor and JV. Allowing the state court and the parties to spend time and money in finalizing the divorce due to a hope the result would somehow remove JV's community property interests from Debtor's bankruptcy estate is contrary to judicial economy. The determination of whether JV's community property interests are property of Debtor's bankruptcy estate is made "as of the commencement of the [bankruptcy] case." *See* § 541(a)(2). Regardless of whatever judgment the state court might enter regarding Debtor's and JV's community property interests as a result of the requested stay relief, that judgment would not have any effect on whether JV's community property interests are property of the estate that can be used to satisfy the estate's creditors. That determination was made on January 17, 2019, the day Debtor filed for bankruptcy.

B. <u>Potential Additional Issues</u>

JV suggests that granting her requested relief will avoid the opening of a Pandora's box of other issues that will need to be dealt with in the bankruptcy court. Allowing the state court to enter a judgment "dividing" the couple's property and debts, however, would give a false

impression that, because of that judgment, the property is no longer property of the bankruptcy estate.  The result of stay relief, then, to the extent it would lead Debtor, JV, or third parties to believe the assets dealt with by the state court were not property of the estate, would likely be more issues raised in the bankruptcy case, not less.

Property of the estate is determined as of the commencement of a bankruptcy case, and no action by the state court in the divorce at this point will change whether Debtor's or JV's community property and debts are property and debts of the estate.  In other words, neither the relief sought by JV or any action by the state court subsequent to that relief will change the characterization of whether any property is property of Debtor's bankruptcy estate.  By denying JV's motion and avoiding a situation that might give the false impression that the state court can somehow, at this point, determine whether property is property of the estate, the Court will avoid potential additional litigation rather than create it.

C. <u>JV's Community Property Interests to Satisfy Claims Against Debtor's Bankruptcy Estate</u>

JV contends her community property interests should not be used to satisfy the creditors of Debtor's bankruptcy estate.  A debt, however, does not need to be incurred for the benefit of the community in order for community property to be liable for the debt, and the separate debts of either spouse may be paid from community property.  *Credit Bureau of Eastern Idaho, Inc. v. Lecheminant*, 149 Idaho 467, 471 (2010) (citing *Bliss v. Bliss*, 127 Idaho 170, 174 ((1995); *Gustin v. Byam*, 41 Idaho 538, 545 1925); *Holt v. Empey*, 32 Idaho 106, 110 (1919)).

While JV claims there may be debts of a nature for which her community property interests should not be liable due to Debtor's affair, the claims that will be made against Debtor's bankruptcy estate are not completely known at this point.  A Notice of Need to File Proof of Claim Due to Possible Recovery of Assets was issued on April 1, 2019, and proofs of claim are

due July 1, 2019.  Dkt. No. 33.  It is not until that point that the appropriateness of using community property to pay specific debts could even be analyzed.  In the meantime, Trustee should be allowed to fulfill his duties and collect property of the estate, including community property interests, without interference by the state court in that process.

THEREFORE, Trustee requests the Court deny the Amended Motion for Relief from Automatic Stay as to Divorce Action.

DATED this 23rd day of May, 2019.

**PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP**

_____
Jason R. Naess
Counsel for Chapter 7 Trustee, Gary L. Rainsdon

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Tyler J McGee on behalf of Debtor Brandon Scott Vollmer
tyler@twinfallsattorneys.com,
michelle@twinfallsattorneys.com;mcgeetr84689@notify.bestcase.com

Jason Ronald Naess on behalf of Trustee Gary L Rainsdon
jason@pmt.org

Gary L Rainsdon
trustee@filertel.com,
id12@ecfcbis.com;lori@filertel.com;cblackburn@filertel.com;jhancock@filertel.com

Gary L Rainsdon on behalf of Trustee Gary L Rainsdon
trustee@filertel.com,
id12@ecfcbis.com;lori@filertel.com;cblackburn@filertel.com;jhancock@filertel.com

Tyler Jeffrey Rands on behalf of Creditor Jaime Vollmer
trands@randslawidaho.com, smclain@randslawidaho.com

OBJECTION TO AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AS TO DIVORCE ACTION - 7

Tyler Jeffrey Rands on behalf of Creditor Scott Vollmer
trands@randslawidaho.com, smclain@randslawidaho.com

US Trustee
ustp.region18.bs.ecf@usdoj.gov

      Any other registrants identified on the Notice of Electronic Filing.

                              **PARSONS, SMITH, STONE, LOVELAND & SHIRLEY, LLP**

                              Jason R. Naess
                              Counsel for Chapter 7 Trustee, Gary L. Rainsdon